**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| SHOMARI SALIM DALEY, | * |
| Plaintiff | * |
| v | *   Civil Action No. PX-18-1151 |
| STATE OF MARYLAND, | * |
| THE CIRCUIT COURT OF | |
|   MONTGOMERY COUNTY, MD., | * |
| THE EXCHANGE AT WHEATON STATION, | |
| FAMILY SERVICES, INC., | * |
| CHRISTOPHER CALANGAN, Service | |
|   Coordinator, Family Services, Inc., | * |
| HOUSING INITIATIVE PROGRAMS, | |
| KIM PENDELY, Housing Initiative Program. | * |
| Defendants | * |
| | *** |

**ORDER**

On April 25, 2018, the Court granted Shomari Salim Daley's Motion for Leave to Proceed in Forma Pauperis and instructed Plaintiff to supplement the Complaint. As filed, the Complaint does not provide brief, concise, and clear factual allegations to satisfy the pleading standards set forth at Rule 8(a) of the Federal Rules of Civil Procedure. For this reason, the Court ordered Plaintiff to: (1) supplement the Complaint to identify the nature of his disability, (2) state how he was denied benefits or accommodations under the Americans with Disabilities Act (ADA); (3) provide the case number and court where he allegedly was denied a speedy and fair jury trial; (4) identify the records for which expungement is sought; (5) provide dates and details to support the allegation that he was involuntarily taken to the hospital and held hostage; and (6) explain his assertions that his placement at the Exchange in Wheaton, Md. demonstrated unlawful discriminatory animus and threatened his life. Plaintiff was forewarned that the failure

to comply fully with this Order may result in dismissal of the Complaint without prejudice and without further notice.

On May 11, 2018, Plaintiff filed an "Amended Complaint" with attachments, a "Bill of Particulars" with attachments, and a Motion to Appoint Counsel and Motion for a Jury Trial. ECF Nos. 4, 5, 6. These filings largely amount to conclusory assertions insufficient to comply with the Order to supplement the Complaint. Plaintiff does not identify the case in which he was allegedly denied a speedy and fair jury trial. Nor does Plaintiff explain how he was denied accommodations under the ADA or how he suffered unlawful discrimination sufficient to support a cause of action against Christopher Calangan or Kim Pendely. Plaintiff also does no provide sufficient facts to support his claim of imminent danger.

The attachments submitted by Plaintiff include a letter from the Administrative Office of the Circuit Court for Montgomery County Maryland, which denies his expungement requests in three cases. ECF No. 5-1 at 12. To the extent that letter is the basis for Plaintiff's contention that he was improperly denied his "right' to expungement, the letter notes that Plaintiff did not follow the proper state procedure for filing his request. *Id*. The letter also includes contact information for the Montgomery County Office of the Public Defender for Plaintiff to inquire about legal representation. *Id.* To the extent Plaintiff seeks an order from this Court to compel a state court to expunge its records, this court cannot order the requested relief. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).[1] Further, Plaintiff's submission of

---

[1] Alternatively, it bears noting that this claim likely cannot survive when considering that under the Eleventh Amendment of the United States Constitution, a state, its agencies and departments are immune from suits in federal court, unless the state entity consents to suit. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. State Gov't Code Ann. § 12-201, it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, Plaintiff's claims against the Circuit Court of Prince George's County, an agency of the State of Maryland, are barred by the Eleventh Amendment.

his hospital bills does not alone support Plaintiff's contention that he was improperly hospitalized or "held hostage." ECF No. 5-1 at 17-23.[2]

In short, the Complaint as supplemented does not comply Rule 8(a) of the Federal Rules of Civil Procedure. Accordingly, the Court will dismiss this case without prejudice. The Motion for Appointment of Counsel will be denied.

Accordingly, it is this 22nd day of May, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Appointment of Counsel (ECF No. 6) IS DENIED;
2. The case IS DISMISSED without prejudice;
3. The case IS CLOSED; and
4. The Clerk SHALL MAIL a copy of this Order to Plaintiff.

/S/
Paula Xinis
United States District Judge

---

[2] Plaintiff's filings suggest that he suffers from mental illness and is facing imminent eviction for his behavior toward other tenants in his apartment complex. ECF Nos. 4-1 at 3, and 5-1 at 4, 15. Plaintiff may wish to contact the Montgomery County Department of Health and Human Services to obtain assistance.